In the Matter of PAUL ROBERTSON.

(*September* 12, 1947.)

PEARSON, J., sitting.

*Victor J. Colombo* for Paul Robertson.

*Joseph H. Flanzer*, Deputy Attorney-General, for the State.

Court of General Sessions for New Castle County.

PEARSON, J.:

In this proceeding, it is asserted that a recent statute

providing for the incarceration of certain inmates of the Ferris School for Boys in the New Castle County Workhouse is violative of provisions of the state and federal constitutions.

Paul Robertson is a minor who was committed to the Ferris School in 1943 by the Juvenile Court for New Castle County, upon a finding that he was a delinquent child. An act of the General Assembly adopted in April 1947, 46 *Laws of Del. Chap.* 201, provides:

"2505A. Sec. 7A (a) That the Trustees of the Ferris School for Boys shall have the power and authority, in case of any minor committed to their care and custody, to make application to any Judge of the Court of General Sessions for authority and permission to place such minor in the New Castle County Workhouse for correction or safe-keeping.

"(b) That such application shall be by petition and shall contain an allegation under oath signed by a majority of the Trustees that such minor is destructive to the program for the rehabilitation and re-construction of other minors in said School.

"(c) That upon a proper petition, a Judge of the Court of General Sessions finding as a fact, after a hearing, that such minor is destructive to the program of the School, and is hindering and delaying the rehabilitation and re-construction of other minors in said School, the said Judge may, in his discretion, authorize the Trustees to place such minor in the New Castle County Workhouse, with the Warden thereof acting as agent for the said Trustees in the care and maintenance of such minor. The incarceration of such minor in said New Castle County Workhouse may be determinate or indeterminate as to time, with the exception that no minor shall be incarcerated in said Workhouse, with the Warden as agent for the Trustees, after such minor

has reached the age of twenty-one years; that in case of the placing of a minor in the New Castle County Workhouse for an indeterminate time, the Warden and Trustees, upon a petition, may request the return of such minor to the Ferris School for Boys upon a showing that in the opinion of the Trustees and the Warden the minor has been rehabilitated to such an extent that he is no longer destructive to the program of the said School.

"(d)   That in the case of any minor sent to the New Castle County Workhouse hereunder, at the time of the admittance of the minor to the said New Castle County Workhouse, there shall be presented to the Warden an order of the authorizing Judge, stating the circumstances under which the minor is committed to the Warden of the New Castle County Workhouse as agent for the Trustees of the Ferris School for Boys, and that in all cases the said Warden shall hold such minor separate and apart from the more hardened criminals. * * *"

In May 1947, the Trustees of the School petitioned the Court of General Sessions for authority to place Robertson in the New Castle County Workhouse, pursuant to the statute.   A hearing was held, at which Robertson and his mother were present.   The court found from the evidence that Robertson was destructive to the program of the School, and was hindering and delaying the rehabilitation and reconstruction of other minors in the School, and entered an order authorizing the placement of Robertson in the Workhouse, subject to certain reservations, which include the power to modify the order, and a direction that the Trustees bring Robertson before the court at the November Term, 1947, when it will be determined whether he shall continue to be confined at the Workhouse.

Robertson and his mother, through their attorney, ob-

jected to the entry of the order, and subsequently filed a motion to vacate it on the following grounds:

"1. That the Act in question confers judicial power on the said Trustees, who are merely administrative officers, contrary to Article 4, Section 1 of the Constitution of this State, which provides that judicial power shall be vested only in the duly constituted Courts therein mentioned.

"2. That in providing for and permitting the transfer of the above named minor from the said School to the Workhouse the said Act authorizes the infliction of cruel and unusual punishment on him, contrary to Article 1, Section 10 [11] of the Constitution of this State, and Article 8 of the Constitution of the United States."

■ The brief in support of the motion does not deal with the first ground, and it is assumed to have been abandoned. In any event, I see no merit whatever in the contention that the Act confers judicial power upon the Trustees of the School. By the terms of the Act, the power to hear and determine whether authority should be granted to place a minor in the Workhouse is reposed in "any Judge of the Court of General Sessions" to whom application is made. It is hence unnecessary to consider whether such power could properly be vested in the Trustees.

As to the second ground, the citations of the constitutions are apparently erroneous, and I take it that what was intended was Article 1, Section 11 of the State Constitution, and Article 8 of the Amendments of the Federal Constitution. These provide:

(State Constitution) "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted; and in the construction of jails a proper regard shall be had to the health of prisoners."

(Federal Constitution) "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The statute provides for cases of minors committed to the Ferris School whose behavior while in the School is such that they are "destructive to the program of the School", and are "hindering and delaying the rehabilitation and reconstruction of other minors there". It authorizes commitments to a different place of confinement from that to which such minors were originally committed. Its purpose is to protect other inmates from harmful effects resulting from the presence in their midst of persons within the purview of the act. That purpose seems reasonable and proper.

In other states, statutes authorizing the transfer of inmates of a reformatory to another penal institution have been held valid. *Annotation*, 95 *A.L.R.* 1455; 26 *Am. Jur.* 610. However, Robertson's counsel contends that these authorities deal only with situations where the original sentences were imposed after the statutes had become effective. He urges that Robertson was committed before the enactment of the Delaware statute and that his original sentence was not subject to it; that when he was committed, the statutes providing for the punishment of minors did not authorize incarceration in the Workhouse, and hence, no court was then empowered to direct that he be confined there; and that to direct a transfer now would constitute a "changed or substituted sentence, entailing cruel and unusual punishment" of the minor.

It is manifestly within the power of the legislature to prescribe punishment for persons found guilty of crimes and misdemeanors, and to establish places for their incarceration. Statutes providing for changes in the place of incarceration of persons already imprisoned are not novel

in Delaware. In 1899, an act was adopted to establish the New Castle County Workhouse. 21 *Laws of Del.* 412. Previously, convicted persons had been committed to the custody of the Sheriff of New Castle County. By the third section of the Act, the Trustees of the Workhouse were directed to procure suitable lands and to erect buildings for the accommodation of prisoners. Continuing, the Act provides: "* * * As soon as the said building shall be completed, and within ten days after notice in writing of such completion shall have been served upon the Sheriff of New Castle County by said Trustees, the Sheriff shall deliver to the trustees at said buildings all the prisoners in the jail or in his charge, under sentence of imprisonment for a certain term, and all others held by him on commitment. The Sheriff is hereby expressly authorized and directed to make such delivery. Whereupon the said trustees shall take charge and control such prisoners, and safely keep them for the residue of their terms of imprisonment, respectively, or until they be duly discharged."

As another illustration, an act adopted in 1905 provides for the commitment to the New Castle County Workhouse of certain classes of prisoners in Kent and Sussex Counties. 23 *Laws of Del.* 219. The first section reads thus:

"That at the April Term A.D. 1907, of the Court of General Sessions of the State of Delaware, sitting in and for the County of Kent and in and for the County of Sussex, the Sheriff of Kent County and the Sheriff of Sussex County, shall bring or cause to be brought before the said Court all prisoners in the Jail of his County or in his charge whose unexpired term of imprisonment is for six months or over, for the express purpose of having said prisoners committed by the said Court to the Custody of the Board of Trustees of the New Castle County Workhouse for the residue of their unexpired term of imprisonment."

The constitutionality of these acts was apparently never challenged on the ground urged in the present case (although the 1899 Act was unsuccessfully attacked on another constitutional ground before the Supreme Court in *McDaniel v. Levy Court*, 5 *Penn.* 240, 59 *A.* 865).

The place to which a person found guilty is sentenced is a place designated and established by legislative act. The sentence should logically be deemed subject to the power of the legislature to change the place of incarceration from time to time. In determining whether such a change constitutes cruel or unusual punishment, the important consideration is not the mere fact of change, but rather the actual conditions and manner of incarceration which exist as a consequence of the change. No particular aspects of incarceration at the Workhouse have been pointed out as constituting cruel or unusual punishment, nor am I aware of any.

My conclusion is that the present statute does not authorize the infliction of cruel or unusual punishment, and does not violate the constitutional provisions relied on.

The motion to vacate should be denied.